UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL WAYNE MCKNIGHT, JR., *Pro Se*, | ) ) ) | Case No.: 1:25 CV 244 |
| Plaintiff | ) ) ) | |
| | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| CUYAHOGA COUNTY SHERIFF, *et al.*, | ) ) | |
| Defendants | ) ) | <u>MEMORANDUM OPINION AND ORDER</u> |

## I. INTRODUCTION

*Pro Se* Plaintiff Darryl Wayne McKnight, Jr. filed this civil rights action under 42 U.S.C. § 1983 against Judge Dick Ambrose and the Cuyahoga County Sheriff. (ECF No. 1). The sparse Complaint concerns Plaintiff's criminal sentence imposed in the Cuyahoga County Court of Common Pleas. It appears that Plaintiff was convicted in Cuyahoga County of robbery and assault in March of 2009 and sentenced to six years of incarceration.[1] Plaintiff asserts that Judge Ambrose ordered the sheriff to calculate two years for time served while awaiting trial. Plaintiff contends that, despite Judge Ambrose's instructions, he was not properly given two years credit for time served, and he served the entire sentence without the reduction.

Plaintiff seeks $5,000,000 in damages.

## II. DISCUSSION

---

[1] Plaintiff also contends his sentence was for "6 yrs, 11 months." (ECF No. 1 at 4).

**A. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Fed. R. Civ. P. 8(a)(2). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**B. Analysis**

Upon review, the Court finds that Plaintiff's present action is duplicative of an action he filed in this Court in *McKnight v. Cuyahoga County Justice System Center*, Case No. 1:21-cv-01264 (N. D. Ohio filed June 30, 2021) ("*McKnight I*"). This present action is therefore barred by *res judicata*.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

In *McKnight I*, Plaintiff claimed that he did not receive the proper amount of jail time credit for his March 2009 conviction. The Court dismissed Plaintiff's Complaint in *McKnight I*, finding that Plaintiff cannot challenge his conviction or the length of his sentence in a civil rights action. (*See McKnight I*; ECF No. 9 at 3) (citing *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). This present Complaint is Plaintiff's second case filed in this Court asserting that his jail time was not properly calculated. He is therefore barred by the doctrine of *res judicata* from litigating this action again.

Even if Plaintiff's claims are not barred by *res judicata*, his Complaint would still be subject to dismissal under Section 1915(e) for the same reasons as the prior action. To the extent Plaintiff is attempting to recover damages for an allegedly unconstitutional conviction or imprisonment, or

for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under Section 1983, he must first show that the conviction or sentence at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486. In the absence of such a showing, any complaint for damages must be dismissed. *See Wright v. Kinneary*, 46 Fed. App'x. 250, 252 (6th Cir. 2002) (citing *Heck*, 512 U.S. at 486-87). Here, nothing in the complaint suggests that the state sentence of which Plaintiff complains has been called into question or invalidated in any of the ways articulated in *Heck*. Plaintiff therefore has no cognizable federal civil rights damage claim. *See Adams v. Morris*, 90 Fed. App'x. 856, 858 (6th Cir. 2004) ("Because [Plaintiff's] confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable under § 1983.").

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and dismisses this action pursuant to 28 U.S.C. §1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 17, 2025